UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 18-1432 |
| v. | ) | |
| | ) | |
| PICKNEYVILLE MEDICAL STAFF, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding *pro se*, and currently incarcerated at Pickneyville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The Court dismissed Plaintiff's original complaint and granted him leave to amend. Thereafter, Plaintiff filed several motions and documents with the Court that appear to be an attempt to sue numerous officials at Pickneyville. In his first amended complaint, Plaintiff alleges that he suffers from hearing loss and "bodily pain"

1

that he believes are symptoms of dementia. Plaintiff alleges that M.D. Myers and C. Brown have provided inadequate treatment for these conditions and that they have not adequately tested him for dementia. (Doc. 35 at 5-9). Based on these allegations, Plaintiff states a claim for deliberate indifference to a serious medical need against M.D. Myers and C. Brown. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff also alleges generally that he has been retaliated against, that he has had trouble using the grievance process, and that his mail has been opened and copied. *Id.* Plaintiff does not identify any specific prison officials responsible for these incidents, and, therefore, these allegations will be dismissed without prejudice to amendment.

Plaintiff also filed several motions that appear to be an attempt to add claims to this lawsuit. (Docs. 34, 36, 37). If Plaintiff desires to amend his complaint, he must file a proposed amended complaint that lists all claims against all defendants he wants to sue. The Court does not accept partial complaints or piecemeal amendments. Plaintiff's motions are denied without prejudice.

Finally, Plaintiff filed two motions that seek injunctive relief. (Docs. 38, 41). Plaintiff alleges that the medical services at Pickneyville are inadequate, and he seeks an order directing prison officials to send him to an outside facility or specialist to diagnose him with dementia, and to treat his knees and other pain. As explained in the Court's previous order, the Court cannot order injunctive relief before defendants have been served or without a showing as to why defendants should not be served. Fed. R. Civ. P. 65(a). Plaintiff has not made the latter showing. Further, Plaintiff has not described the medical treatment he has received for these conditions. At best, Plaintiff has presented his opinion that the diagnostic testing he has received is outdated and otherwise inadequate. This is not sufficient to show a reasonable likelihood of success of the merits. *See McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016) (claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient to show deliberate indifference); *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (a movant seeking injunctive

relief must show, among other things, a reasonable likelihood of success on the merits).  Plaintiff's motions are denied.

**It is therefore ordered:**

1.     Plaintiff's Motion [35] is granted to the extent that Plaintiff seeks leave to file an amended complaint and denied as to any other relief requested.  Clerk is directed to docket the amended complaint, [35] at 5-9, attached to that order.

2.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against M.D. Myers and C. Brown.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.     This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4.     The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses

shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

7.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

9.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will

take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12.    The clerk is directed to add M.D. Myers and C. Brown as defendants and attempt service via the standard procedures.

13.    The clerk is directed to terminate Pickneyville Medical Staff as a defendant.

14.    Plaintiff's motions [34][36][37][38][41] are denied for the reasons stated above.

15.    Plaintiff's motion for counsel [30] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.


Entered this 27th day of June, 2019.

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE